| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address: 1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: February 17, 2021 5:16 PM<br>FILING ID: B87CD7FEC6FF9<br>CASE NUMBER: 2021CV30598 |
|---|---|
| Plaintiff:    Alexis Skillett<br><br>v.<br><br>Defendants: Allstate Fire and Casualty Insurance Company, a/k/a Allstate Insurance Company, and Collin Draine | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Dylan Unger, #50099<br>Joseph A Sirchio, #44675<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:    (303) 757-3206<br>E-Mail: ungerd@fdazar.com<br>E-Mail: sirchioj@fdazar.com | Case Number:<br><br><br>Division/Ctrm: |
| **COMPLAINT** ||

The Plaintiff, Alexis Skillett, by and through her attorneys, Franklin D. Azar and Associates, P.C, for her Complaint against the Defendants, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Alexis Skillett (hereinafter "Alexis Skillett") is an individual and resident of the State of Colorado.

2. Defendant Allstate Fire and Casualty Insurance Company (hereinafter "Defendant Allstate) is an insurance company authorized to do business as an insurance company in the State of Colorado and does business within the City and County of Denver, State of Colorado.

3. Defendant Collin Draine (hereinafter "Defendant Draine") is an individual and resident of the State of Colorado.

4. Venue is proper herein pursuant to C.R.C.P. 98.

5. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

6. On July 3, 2020, at approximately 3:45 PM, Alexis Skillett was involved in a collision with Fautroy Hubbard (hereinafter "the collision").

7. The collision occurred when Mr. Hubbard made a lane change to his left into the lane of the vehicle Cindy Skillett was operating and in which Alexis Skillett was riding, causing the front passenger corner of the Skillett vehicle to crash into the front driver side of the Hubbard vehicle.

8. Officer Gonzalez of the Aurora Police Department investigated the collision.

9. Officer Gonzalez cited Mr. Hubbard for improper lane change.

10. Officer Gonzalez did not cite Cindy Skillett.

11. Alexis Skillett reported being injured at the scene of the collision.

12. Mr. Hubbard was the sole cause of the collision.

13. Defendant Allstate agrees that Mr. Hubbard was the sole cause of the collision.

14. Alexis Skillett was injured in the collision.

15. Defendant Allstate agrees that Alexis Skillett was injured in the collision.

16. At the time of the collision Mr. Hubbard was insured with Nationwide Mutual Insurance Company for $25,000.00 per person, $50,000.00 per collision.

17. Mr. Hubbard was underinsured with respect to Alexis Skillett's injuries, damages, and losses.

18. At the time of the collision, Alexis Skillett was insured person under the terms of the policy issued by Defendant Allstate to Cindy Skillett.

19. At the time of the collision, Cindy Skillett's policy with Defendant Allstate had underinsured motorist (UIM) coverage with limits of $25,000.00 per person, $50,000.00 per occurrence.

20. The UIM coverage provided by Defendant Allstate is primary coverage over any other UIM coverage available to Alexis Skillett.

21. Defendant Allstate agrees that its UIM coverage is primary coverage over any other UIM coverage available to Alexis Skillett.

22. Defendant Draine was the assigned UIM adjuster for Alexis Skillet's claim.

23. On or about August 11, 2020, Alexis Skillett submitted a medical bill to Defendant Allstate from UCHealth Emergency Room.

24. On or about August 11, 2020, Alexis Skillett requested that Defendant Allstate consider the

2

medical bill in its evaluation and tender any UIM benefits owed at that time.

25. On or about August 31, 2020, Defendant Draine on behalf of Defendant Allstate granted permission for Alexis Skillett to settle with Mr. Hubbard and Nationwide.

26. On or about September 1, 2020. Alexis Skillett entered into a settlement with Mr. Hubbard and Nationwide for the sum of $23,907.15.

27. On or about September 10, 2020, Defendant Allstate was informed of the amount of the settlement with Mr. Hubbard and Nationwide.

28. By email dated September 10, 2020, and letter dated September 25, 2020, Defendant Draine on behalf of Defendant Allstate advised that he had determined that Alexis Skillett was adequately compensated by the settlement with Mr. Hubbard.

29. On or about October 1, 2020, Alexis Skillett submitted medical records and additional medical bills to Defendant Allstate to include in its evaluation.

30. By email dated November 4, 2020 and by letter dated November 13, 2020, Defendant Draine on behalf of Defendant Allstate stated he had updated his evaluation for Alexis Skillet and asserted she was adequately compensated by Mr. Hubbard.

31. By letter sent by email on November 17, 2020, Alexis Skillett provided Defendant Allstate a statement as to the impacts her injuries from the motor vehicle collision had caused to her and requested that Defendant Allstate reconsider its position that she was compensated adequately by the settlement with Mr. Hubbard.

32. On November 17, 2020, Defendant Draine on behalf of Defendant Allstate responded to the correspondence sent to him earlier that day and continued to assert Alexis Skillett was adequately compensated by Mr. Hubbard.

33. On or about February 2, 2021, Alexis Skillett wrote to Defendant Draine on behalf of Defendant Allstate to advise that his evaluation of her general damages of just $1,750 was patently inadequate and requested that Allstate pay $10,000 in UIM benefits to her.

34. On or about February 3, 2021, Defendant Draine on behalf of Defendant Allstate stated in an email that he still held the position that Alexis Skillett was adequately compensated by Mr. Hubbard.

35. Defendant Allstate has not paid any UIM benefits to Alexis Skillett.

36. Defendant Allstate has never disputed that Alexis Skillett was injured in the collision.

37. Defendant Allstate does not dispute that Alexis Skillett was injured in the collision.

38. Defendant Allstate has never told Alexis Skillett that it disputes that she was injured in the collision.

39. Defendant Draine has never disputed that Alexis Skillett was injured in the collision.

40. Defendant Draine does not dispute that Alexis Skillett was injured in the collision.

41. Defendant Draine has never told Alexis Skillett that it disputes that she was injured in the collision.

42. Alexis Skillett's claim for UIM benefits was submitted to Defendant Allstate in a timely manner.

43. Alexis Skillett has cooperated with Defendant Allstate in its investigation of her claim.

44. Defendant Allstate has no documentation that it believed that Alexis Skillett failed to comply with any terms of the insurance policy.

45. Defendant Allstate has never informed Alexis Skillett it believed she failed to comply with any terms of the insurance policy.

46. Defendant Allstate has never given Alexis Skillett the opportunity to correct any alleged failure to comply with any term of the insurance policy.

47. Alexis Skillett and her attorneys have fulfilled all requests made of them by Defendant Allstate.

48. Defendant Draine has withheld benefits from Alexis Skillett by purposely failing to include all damages she could recover from an at-fault driver in his evaluation.

49. Defendant Allstate has a duty to investigate UIM claims promptly.

50. Defendant Allstate has a duty to evaluate UIM claims fairly.

51. Defendant Allstate has a duty to evaluate UIM claims in good faith.

52. Defendant Allstate has a duty to fairly compensate its insureds under the terms of their policies.

53. Defendant Allstate has a duty to fairly and honestly evaluate Alexis Skillett's claim.

54. Defendant Allstate owes Alexis Skillett a duty of good faith and fair dealing.

55. Defendant Allstate cannot delegate its duty of investigating Alexis Skillett's claim to a third party.

56. Defendant Allstate has never requested to speak with Alexis Skillett's medical providers.

57. Defendant Allstate has never requested a recorded conversation with Alexis Skillett.

58. Defendant Allstate has a duty to fairly compensate Alexis Skillett for her collision-related injuries.

59. Defendant Allstate has failed to tender undisputed benefits.

60. Defendant Allstate has failed to pay all the benefits owed to Alexis Skillett for her UIM benefits.

61. Defendant Allstate's incomplete investigation has resulted in delay of UIM benefits being paid to Alexis Skillett.

62. Defendant Allstate has a duty to explain its evaluation of Alexis Skillett's claims to her.

63. Defendant Allstate has failed to reasonably explain its failure to pay benefits to Alexis Skillett.

64. Defendant Allstate has never sent a reservation of rights letter to Alexis Skillett.

65. Alexis Skillett has complied with the conditions precedent in the contract with Defendant Allstate.

66. Defendant Allstate's actions in failing to evaluate and pay benefits owed in relation to Alexis Skillett's case fail to meet the standard set forth in Defendant Allstate's own claims handling manual.

67. Defendant Allstate has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

68. Defendant Allstate's conduct fails to comply with insurance industry standards in Colorado.

69. By delaying and/or denying payment of benefits to Alexis Skillett, Defendant Allstate has retained money owed to her and earned interest on that money.

70. In delaying and denying payment of benefits owed to Alexis Skillett, Defendant Allstate has favored its own interests over the interests of its insureds.

### FIRST CLAIM FOR RELIEF
### (Breach of contract – UIM benefits against Defendant Allstate)

71. Alexis Skillett incorporates all prior allegations as though fully set forth herein.

72. Sometime prior to the collision, Cindy Skillett entered into a contract with Defendant Allstate Insurance for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. Upon information and belief, at all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Allstate. Alexis Skillett is entitled to the full benefits of Defendant Allstate's policy.

73. Alexis Skillett advised Defendant Allstate of a claim for UIM benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Allstate in

5

connection with the claim.

74. Alexis Skillett is an intended beneficiary of Defendant Allstate's insurance policy/contract and is therefore entitled to enforce its terms.

75. Alexis Skillett is entitled to be compensated by Defendant Allstate for all damages she has incurred, including: medical bills and other expenses, pain, suffering, loss of enjoyment of life, under the UIM coverage of the policy.

76. Defendant Allstate has failed to pay to Alexis Skillett the full amount of the damages she has incurred as a result of the collision.

## SECOND CLAIM FOR RELIEF
### (First party statutory claim under C.R.S. §10-3-1116 against Defendant Allstate)

77. Alexis Skillett incorporates all prior allegations as though fully set forth herein.

78. Defendant Allstate has denied and delayed payment of UIM benefits to Alexis Skillett without a reasonable basis for its action.

79. Defendant Allstate's unreasonable position and conduct has caused Alexis Skillett damage by the loss of the compensation that is due to her and which Defendant Allstate should have previously paid to her.

80. In accordance with C.R.S. §10-3-1116, Alexis Skillett is entitled to recover from Defendant Allstate two (2) times the covered UIM benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (Common law bad faith against Defendant Allstate by Alexis Skillett)

81. Alexis Skillett incorporates all prior allegations as though fully set forth herein.

82. Defendant Allstate owes to Alexis Skillett a duty to act in good faith in reviewing, adjusting, and settling her claims.

83. Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling Alexis Skillett to institute litigation to recover amounts due to her under the UIM bodily injury benefits afforded to Alexis Skillett under the insurance policy;

   b. Favoring the interests of Defendant Allstate, an insurer, over those of Alexis Skillett, an insured, by withholding benefits and earning interest on withheld amounts;

   c. Failing or delaying payment of reasonable compensation for the injuries,

    damages, and losses Alexis Skillett suffered at the hands of an underinsured motorist;

  d. Failing to consider the full amount of Alexis Skillett's general damages; and

  e. Incompetently evaluating Alexis Skillett's claim.

84. Defendant Allstate's actions were unreasonable.

85. Defendant Allstate knew its conduct was unreasonable and/or disregarded the fact that its conduct was unreasonable.

86. As a direct result of Defendant Allstate's breaches of its duties to its insured, Alexis Skillett has been damaged including, but not necessarily limited to:

  a. Being forced to incur additional costs in litigation;

  b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant Allstate; and

  c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment which should have been paid by now.

### FOURTH CLAIM FOR RELIEF
### (First party statutory claim under C.R.S. §10-3-1116 against Defendant Draine)

87. Alexis Skillett incorporates all prior allegations as though fully set forth herein.

88. Defendant Draine has denied and delayed payment of UIM benefits to Alexis Skillett without a reasonable basis for his action.

89. Defendant Draine's unreasonable position and conduct has caused Alexis Skillett damage by the loss of the compensation that is due to her and which Defendant Draine should have previously paid to her.

90. In accordance with C.R.S. §10-3-1116, Alexis Skillett is entitled to recover from Defendant Draine two (2) times the covered UIM benefits plus reasonable attorney's fees and court costs.

  WHEREFORE, Plaintiff prays for judgment against Defendants for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present her claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully, submitted this 17th day of February, 2021.

FRANKLIN D. AZAR & ASSOCIATES, P.C.

By: */s/ Dylan C. Unger*
Dylan C. Unger, Reg. No. 50099
Joseph A. Sirchio, Reg No. 44675
Counsel for Plaintiff

**Plaintiffs' Address:**
15116 East Jefferson Place
Aurora, CO 80014