**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00956-MEH

ALEXIS SKILLETT,
          Plaintiff,

   v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE INSURANCE COMPANY and COLLIN DRAINE,
          Defendants.

_____

**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ANSWER TO [5] COMPLAINT AND JURY DEMAND**
_____

    Defendant Allstate Fire and Casualty Insurance Company d/b/a Allstate Insurance Company (hereinafter, "Allstate"), by and through its counsel, Campbell, Wagner, Frazier & Dvorchak, LLC, hereby submits its Answer to Complaint and Jury Demand, and states as follows:

### FIRST DEFENSES

    1.    Referring to the allegations contained in Paragraphs 1, 2, 3, 6, 8, 9, 10, 16, 42, and 64, Allstate admits the same.

    2.    Referring to the allegations contained in Paragraphs 4 and 5, the Defendant admits venue is proper in the United States District Court for the District of Colorado as set forth in its Notice of Removal.

3. Referring to the allegations contained in Paragraphs 7, 11, 12, 21, 26, 72, and 74, the Defendant is without information sufficient to form a belief as to the truth of the matter asserted and therefore denies same.

4. Referring to the allegations contained in Paragraph 13, the Defendant admits that based on the information provided to date, it reached the conclusion that Mr. Hubbard caused the motor vehicle accident with Cindy Skillett.

5. Referring to the allegations contained in Paragraphs 14 and 15, said allegations call for a medical opinion, an opinion the Defendant is not qualified to form.

6. Referring to the allegations contained in Paragraphs 17, 36, 37, 38, 47, 59, 60, 61, 63, 66, 67, 68, 69, 70, 75, 76, 78, 79, 80, 83 (including all subparts), 84, 85, and 86 (including all subparts), Allstate denies same.

7. Referring to the allegations contained in Paragraphs 18, 19, and 20, the Defendant submits the terms of the policy speak for itself and a response is not required. If it is later determined that a response is required, Defendant denies same.

8. Referring to the allegations contained in Paragraph 22, Defendant Allstate admits that Collin Draine was one of the Allstate adjusters assigned to Ms. Skillett's UIM claim.

9. Referring to the allegations contained in Paragraphs 23, 24, and 25, the August 11 and August 31, 2020, bills, records and referenced correspondence speak for themselves and a response is not required from this Defendant. If it is determined that a response is required, Allstate denies same.

10. Referring to the allegations contained in Paragraphs 27, 28, 29, 30, 31, 32, 33, and 34, the referenced e-mails, letters and attachments speak for themselves and a response is not required from this Defendant. If it is determined that a response is required, Allstate denies same.

11. Referring to the allegations contained in Paragraph 35, Allstate admits that based on the information provided to date, the Plaintiff has been fully compensated by the amount received from the at-fault party and as such, UIM benefits are not due and owing.

12. Referring to the allegations contained in Paragraphs 39, 40, 41, 48, 88, 89, and 90, said allegations are not directed towards Allstate and a response is not required. If it is later determined that a response is required, Allstate denies same.

13. Referring to the allegations contained in Paragraph 43, 44, 45, 46, 65, and 73, the Defendant admits that based on the information known to date, it believes the Plaintiff has cooperated in the investigation of her claim. Defendant reserves the right to amend this response should discovery reveal that the Plaintiff did not, or has not, cooperated with Allstate.

14. Referring to the allegations contained in Paragraphs 49, 50, 51, 52, 53, 54, 55, 58, 62, and 82, said allegations contain conclusions of law and a response is not required. If it is later determined that a response is required, Allstate denies same.

15. Referring to the allegations contained in Paragraphs 56 and 57, Allstate admits that it has not yet spoken with Ms. Skillett's medical providers and has not obtained a record statement.

16.     Referring to the allegations contained in Paragraphs 71, 77, 81, and 87, the Defendant admits and denies as set forth above.

17.     Defendant Allstate denies any and all allegations in Plaintiff's Complaint which were not specifically addressed above.

## SECOND DEFENSE

That the Plaintiff's injuries and damages, if any, may have been pre-existing, and Allstate is not liable, if at all, for any pre-existing injuries and damages.

## THIRD DEFENSE

That the Plaintiff's injuries and damages, if any, may have been caused by a subsequent, non-related event for which Allstate is not liable.

## FOURTH DEFENSE

That the Plaintiff may have failed to mitigate her damages, if any, by taking such reasonable steps under the circumstances as would reduce her injuries and damages, if any; and any damages resulting from the Plaintiff's failure to take such reasonable steps cannot be recovered.

## FIFTH DEFENSE

That Allstate is entitled to the setoff of any amounts paid to the Plaintiff.

## SIXTH DEFENSE

That the Plaintiff's recovery of any benefits under the Allstate insurance policy at issue is subject to and limited by all of the terms, conditions, limitations and exclusions of said policy, including but not limited to, applicable policy limits and/or limits of liability, setoffs and primacy conditions.

## SEVENTH DEFENSE

That the Plaintiff may not be the real party in interest with regard to her claimed damages.

## EIGHTH DEFENSE

That the Plaintiff's non-economic damages, if any, are limited by C.R.S. § 13-21-102.5.

## NINTH DEFENSE

That the Plaintiff's damages, if any, are reduced by the amount of any payment received from any collateral source, within the scope of C.R.S. § 13-21-111.6.

WHEREFORE, Allstate prays for judgment in its favor, costs, expert witness fees, and such other and further relief as the Court deems just and proper.

## DEFENDANT ALLSTATE DEMANDS THAT THE MATTERS HEREIN JOINED BE TRIED TO A JURY

Respectfully submitted this 9th day of April, 2021.

By: *s/ Rebecca K. Wagner*
Rebecca K. Wagner, Atty. Reg. #: 33473
Michael O. Frazier, Atty. Reg. #: 23189
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Phone Number:   (303) 831-5990
FAX Number:     (303) 832-7144
E-mail:  rwagner@cwfd-law.net
         mfrazier@cwfd-law.net
*Attorneys for Defendant Allstate Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2021, I presented the foregoing **DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ANSWER TO [5] COMPLAINT AND JURY DEMAND** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to counsel of record.

*s/ Kim Brown*
Kim Brown