Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

DATE FILED: March 14, 2022

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAR 17 2022
JEFFREY P. COLWELL
CLERK

ADVANCE SHEET HEADNOTE
March 14, 2022

2022 CO 12

No. 21SA187, *Skillett v. Allstate Fire & Cas. Ins. Co.*—C.A.R. 21.1, Certified Questions of State Law—Insurance—Companies and Persons Liable—Statutory Bad Faith

In this case, the supreme court accepted jurisdiction under C.A.R. 21.1 to answer a certified question of law from the United States District Court for the District of Colorado to decide whether an action for unreasonably delayed or denied insurance benefits under sections 10-3-1115 to -1116, C.R.S. (2021), may proceed against an individual claims adjuster. *Compare Riccatone v. Colo. Choice Health Plans*, 2013 COA 133, 315 P.3d 203, *with Seiwald v. Allstate Prop. & Cas. Ins. Co.*, No. 20-cv-00464-PAB, 2020 WL 6946563 (D. Colo. Nov. 24, 2020). Under section 10-3-1116(1), an insured whose claim for insurance benefits has been "unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." The supreme court holds that, given the plain language of sections 10-3-1115 to -1116—read in context and in their entirety—an action for unreasonably delayed

or denied insurance benefits proceeds against an insurer, not an individual adjuster.

2203142021 2455 1-233-1015 3

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2022

JEFFREY P. COLWELL
CLERK

The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

2022 CO 12

**Supreme Court Case No. 21SA187**
*Certification of Question of Law*
United States District Court for the District of Colorado Case No. 21-cv-956-MEH

**Plaintiff:**

Alexis Skillett,

v.

**Defendants:**

Allstate Fire and Casualty Insurance Company, d/b/a Allstate Insurance Company and Collin Draine.

**Certified Question Answered**
*en banc*
March 14, 2022

**Attorneys for Plaintiff:**
Franklin D. Azar & Associates, P.C.
Dylan Unger
Joseph A. Sirchio
DezaRae D. LaCrue
   *Aurora, Colorado*

Ogborn Mihm, LLP
Thomas D. Neville
   *Denver, Colorado*

2203142021 2455 1-233-1015 4

**Attorneys for Defendant Allstate Fire and Casualty Insurance Company:**
Campbell, Wagner, Frazier & Dvorchak, LLC
Colin C. Campbell
Rebecca K. Wagner
Kirstin M. Dvorchak
*Greenwood Village, Colorado*

**Attorneys for Defendant Collin Draine:**
Spencer Fane LLP
Terence M. Ridley
Evan Stephenson
Kayla Scroggins-Uptigrove
William M. Brophy
*Denver, Colorado*

**Attorneys for Amici Curiae American Property Casualty Insurance Association and National Association of Mutual Insurance Companies:**
Betts Patterson & Mines
David G. Eckberg
*Seattle, Washington*

**Attorneys for Amicus Curiae Chamber of Commerce of the United States of America:**
Holland & Hart LLP
Stephen G. Masciocchi
Nicholas W. Katz
*Denver, Colorado*

**Attorneys for Amicus Curiae Coalition Against Insurance Fraud:**
Greenberg Traurig, LLP
Harriet M. Retford
*Denver, Colorado*

**Attorneys for Amici Curiae Colorado Civil Justice League and Colorado Defense Lawyers Association:**
Sutton Booker P.C.
Katie B. Johnson
Lily E. Nierenberg
*Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Claims Association:**
Tucker Holmes, P.C.
Winslow R. Taylor, III
Robert S. Hunger
   *Centennial, Colorado*

Ruebel & Quillen LLC
Jeffrey Clay Ruebel
   *Westminster, Colorado*

**Attorneys for Amicus Curiae State Farm Mutual Automobile Insurance Company:**
Lehotsky Keller LLP
Katherine C. Yarger
   *Aurora, Colorado*

**JUSTICE HART** delivered the Opinion of the Court, in which **CHIEF JUSTICE BOATRIGHT, JUSTICE MÁRQUEZ, JUSTICE HOOD, JUSTICE GABRIEL, JUSTICE SAMOUR,** and **JUSTICE BERKENKOTTER** joined.

3

JUSTICE HART delivered the Opinion of the Court.

¶1  We accepted jurisdiction under C.A.R. 21.1 to answer a certified question of law from the United States District Court for the District of Colorado regarding the potential liability of insurance adjusters under sections 10-3-1115 to -1116, C.R.S. (2021). Specifically, the certified question asks:

> Whether an employee of an insurance company who adjusts an insured's claim in the course of employment may for that reason be liable personally for statutory bad faith under Colorado Revised Statutes Sections 10-3-1115 and -1116 ("Statutes").

Given the plain statutory language, we answer that question in the negative. An action for unreasonably delayed or denied insurance benefits under Colorado law may be brought against an insurer, not against an individual adjuster acting solely as an employee of the insurer.

## I. Facts and Procedural History

¶2  On July 3, 2020, Alexis Skillett was involved in a car accident. At the time of the accident, Allstate Fire and Casualty Insurance Company ("Allstate") insured Skillett under a policy that included underinsured motorist coverage. Skillett settled with the at-fault driver and his insurer and also filed a claim with Allstate for underinsured motorist benefits.

¶3  Allstate assigned one of its employees, Collin Draine, to handle Skillett's claim. Draine was not a party to the insurance contract between Skillett and Allstate, and he handled Skillett's claim solely in his capacity as an Allstate claims

4

adjuster. He concluded that Skillett was not entitled to underinsured motorist benefits. Accordingly, Allstate denied Skillett those benefits.

¶4     Skillett filed suit in Denver District Court, naming both Allstate and Draine as defendants. Her claims against Allstate included breach of contract, statutory bad faith, and common law bad faith. As to Draine, she alleged that he had personally violated section 10-3-1116, which creates a cause of action for insureds whose insurance benefits have been unreasonably delayed or denied.

¶5     Draine and Skillett are both Colorado residents, which ordinarily requires that the case remain in state court because federal courts lack jurisdiction over most exclusively state law claims. *See* 28 U.S.C. § 1332(a)(1) (allowing federal courts to exercise diversity jurisdiction over state law claims in suits by citizens of different states). Allstate nonetheless removed the case to federal court, arguing that Draine had been fraudulently joined to thwart diversity jurisdiction, *see Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013), and that the federal court did in fact have jurisdiction. According to Allstate, Skillett could not possibly recover from Draine under section 10-3-1116, as that section only provides a cause of action against a claimant's insurer — not against an insurer's employees. Thus, if the complaint included only the proper parties (Skillett and Allstate), it would satisfy federal jurisdictional requirements.

5

¶6 The federal district court determined that Allstate raised an important, unsettled question of Colorado law, and it certified that question to this court. In doing so, the court noted that uncertainty about the proper interpretation of the statute had been created by a conflict between the court of appeals' decision in *Riccatone v. Colorado Choice Health Plans*, 2013 COA 133, 315 P.3d 203, and the decision in *Seiwald v. Allstate Property & Casualty Insurance Co.*, No. 20-cv-00464-PAB, 2020 WL 6946563 (D. Colo. Nov. 24, 2020). In *Riccatone*, a division of the court of appeals concluded that the Statutes provided a cause of action only against an insurer and not against individual employees of an insurer. ¶¶ 43–45, 315 P.3d at 210–11. In *Seiwald*, the federal district court found that the Statutes could plausibly be interpreted to create a cause of action against an individual insurance adjuster. 2020 WL 6946563, at *3. Recognizing the need to resolve this conflict, we accepted jurisdiction.

## II. Analysis

¶7 We begin by discussing the applicable standard of review. We then analyze the plain language of the statute, concluding that a statutory claim for unreasonable delay or denial of insurance benefits is available against the insurer, not an individual adjuster.

2203142021 2455 1-233-1015 9

### A. Standard of Review and Canons of Construction

¶8     Under C.A.R. 21.1(a), we may answer questions of law certified to this court by a federal court when they "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court." Our review of such questions is de novo. *Gale v. City & Cnty. of Denver*, 2020 CO 17, ¶ 13, 500 P.3d 351, 354.

¶9     When interpreting a statute, we aim to give effect to the intent of the General Assembly, looking first to the plain and ordinary meaning of the text. *Am. Fam. Mut. Ins. Co. v. Barriga*, 2018 CO 42, ¶ 8, 418 P.3d 1181, 1183. In so doing, we consider the statute in context and in its entirety; give "consistent, harmonious, and sensible effect to all of its parts[;] and avoid[ ] constructions that would render any words or phrases superfluous or lead to illogical or absurd results." *Pineda-Liberato v. People*, 2017 CO 95, ¶ 22, 403 P.3d 160, 164. If the statutory language is clear, "we need look no further." *Id.*

### B. An Action for Unreasonable Delay or Denial of Insurance Benefits Proceeds Against an Insurer

¶10    In 2008, the General Assembly enacted "An Act Concerning Strengthening Penalties for the Unreasonable Conduct of an Insurance Carrier." Ch. 422, sec. 5, §§ 10-3-1115 to -1116, 2008 Colo. Sess. Laws 2171, 2172–74. The law created, inter alia, two new provisions: (1) section 10-3-1115, which prohibits the unreasonable

7

delay or denial of payment for a claim for insurance benefits, and (2) section 10-3-1116(1), which establishes a cause of action for an insured whose claim for insurance benefits has been unreasonably delayed or denied.

¶11   Specifically, section 10-3-1115(1)(a) announces the following prohibition: "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." And section 10-3-1116(1) creates a cause of action under the following circumstances: "A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

¶12   Skillett argues that these provisions allow first-party claimants to bring suit not only against their insurers, but also against individual insurance adjusters. In support of this argument, she points out that section 10-3-1115(1)(a) refers to "[a] *person* engaged in the business of insurance." (Emphasis added.) She then looks to section 10-3-1102(3), C.R.S. (2021), which defines "person" in part 11 of Title 10 to include "adjusters." Although the court of appeals had previously rejected this argument, *see Riccatone*, ¶¶ 43–45, 315 P.3d at 210–11, a federal court recently accepted it, *Seiwald*, 2020 WL 6946563, at *3, leaving uncertainty for both state and federal courts as to the proper interpretation of the Statutes.

8

¶13   In resolving that uncertainty, we note that Skillett is correct that section 10-3-1102(3) includes "adjusters" among "persons." But that section does not make its definitions absolute. Rather, those definitions apply "unless the context otherwise requires." § 10-3-1102. Throughout sections 10-3-1115 and 10-3-1116, the context makes clear that first-party claimants whose insurance claims have been unreasonably delayed or denied may bring suit against their insurers, but not against individual claims adjusters.

¶14   Most importantly, section 10-3-1115(2) establishes the standard by which a cause of action for unreasonable delay or denial of insurance payments is measured, explaining that, "for the purposes of an action brought pursuant to this section and section 10-3-1116, *an insurer's* delay or denial was unreasonable if *the insurer* delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." (Emphases added.) In other words, insureds may bring suit under section 10-3-1116(1), and section 10-3-1115(2) explains what they must show to prove unreasonable delay or denial; namely, that the *insurer's* delay or denial was "without a reasonable basis." § 10-3-1115(2); *see also Am. Fam. Mut. Ins. Co.*, ¶ 9, 418 P.3d at 1184 (explaining that sections 10-3-1115 and 10-3-1116 "operate concomitantly through cross-reference").

¶15   Reading these provisions to allow for adjuster liability leaves unnecessary statutory gaps. Under such a reading, section 10-3-1115(2) would explain what

standard applies when assessing whether an insurer's delay or denial was unreasonable, but it would offer no guidance for evaluating an adjuster's conduct. That, presumably, would be left for judicial development, but without legislative guidance. Moreover, section 10-3-1115(2) refers to instances where the insurer "delayed or denied *authorizing payment* of a covered benefit." (Emphasis added.) Because the insurer—not any individual employee—authorizes payment, this language indicates that an action for unreasonable delay or denial of insurance benefits is triggered by a decision of the insurer, not the adjuster.

¶16    Similarly, section 10-3-1116(1) allows first-party claimants to bring suit when their "claim for *payment of benefits* has been unreasonably delayed or denied." (Emphasis added.) The "payment of benefits" is made by and on behalf of the insurer—not the adjuster. Likewise, "first party-claimants" are those who "assert[] an entitlement to benefits owed ... *under an insurance policy*." § 10-3-1115(1)(b)(I) (emphasis added). Insurers and insureds—not adjusters—are the parties to an insurance policy. They are the ones who undertake obligations under such policies, and it is the insurer—not the adjuster—who may be obligated to pay insurance benefits. And section 10-3-1116(1) allows first-party claimants whose claims for benefits are unreasonably delayed or denied to recover "reasonable attorney fees and court costs and *two times the covered benefit*." (Emphasis added.) It would seem odd to allow an insured to recover two times

10


the covered benefit from an adjuster, who is not a party to the insurance policy that establishes the covered benefit and has not otherwise undertaken any obligation to pay the covered benefit.

¶17 Other parts of the statutory context likewise indicate that an action for unreasonably delayed or denied insurance benefits proceeds against the insurer. Under the statute's child support enforcement exemption, for example, sections 10-3-1115 and 10-3-1116 "do not apply to any claim payment that is delayed or denied because of *the insurer's* participation in the child support enforcement mechanism established in section 26-13-122.7, C.R.S." § 10-3-1115(7) (emphasis added). And under section 10-3-1118(5), C.R.S. (2021), "[a]n *insurer* is not liable for a claim . . . under sections 10-3-1115 and 10-3-1116 because *the insurer* solely provides the insured with the required amount of time" to respond to its written requests or to cure alleged failure to cooperate. (Emphases added.) These provisions carve out exceptions for the liability of insurers, yet make no reference to adjusters.

¶18 The only language in the Statutes that supports Skillett's argument is the use of the word "person" in section 10-3-1115(1)(a) and the attendant inclusion of "adjusters" as "persons" in section 10-3-1102(3). Given the statutory command that the definitions included in section 10-3-1102 only apply "unless the context

11

otherwise requires," we conclude that individual adjusters are not personally subject to suit under the Statutes.

### III. Conclusion

¶19   We thus conclude that an action for unreasonably delayed or denied insurance benefits proceeds against an insurer, not an individual adjuster. The plain language of sections 10-3-1115 and 10-3-1116 requires this result. Accordingly, we answer the certified question in the negative and return this case to the United States District Court for the District of Colorado for further proceedings.

12